IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANYA ELSNER, | ) |
| | ) |
| Plaintiff, | ) Cause No.: 4:22-cv-163 |
| | ) |
| vs. | ) |
| | ) |
| VAN AUSDALL & FARRAR, INC., | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Anya Elsner, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Anya Elsner (hereinafter "Plaintiff" or "Elsner"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Van Ausdall & Farrar, Inc. (hereinafter "Van Ausdall & Farrar" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101, *et. seq.*, which conducts business in the State of Indiana.

3. Elsner filed a Charge of Discrimination (Charge No. 470-2022-02075) with the Equal Employment Opportunity Commission on or about March 21, 2022, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, *et. seq*.

4. The Equal Employment Opportunity Commission issued to Elsner a 90-day Right to Sue letter on December 5, 2022.

5. Elsner invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, suffers from disabilities, namely Major Depressive Disorder, ADHD, and Generalized Anxiety Disorder.

8. Plaintiff was employed by the Defendant as a Document Center Representative since September 13, 2021.

9. On or around February 2, 2022, Plaintiff learned that a team leader went to Plaintiff's manager and accused Plaintiff of making inappropriate comments and sleeping at her desk.

10. Plaintiff was questioned as part of Defendant's investigation, and the allegations were found to be untrue.

11. When questioning the Plaintiff, Defendant asked if she used any drugs that would make her appear sedated.

12. Plaintiff informed her employer that she takes prescription clonazepam for her depression and anxiety.

13. Defendant immediately suspended Plaintiff pending investigation and terminated her within two (2) days.

14. Elsner reported the suspension to her physician who provided a letter stating that the medication would not affect Plaintiff's ability to work, and that reasonable and appropriate accommodations should be put in place.

15. Defendant refused to consider the letter from Plaintiff's physician, claiming that Plaintiff had violated its policy by not reporting the medication in advance.

16. Plaintiff had in fact reported the medication to a human resource representative prior to this incident in relation to a separate event.

II
Disability

17. Plaintiff incorporates by reference paragraphs one (1) through sixteen (16) above.

18. Plaintiff suffers from disabilities and/or perceived disabilities that affect one or more of her major life activities, specifically Plaintiff suffers from Major Depressive Disorder, ADHD, and Generalized Anxiety Disorder.

19. Plaintiff was able to perform all of the essential functions of her job with or without reasonable accommodation.

20. Rather than reasonably accommodate Plaintiff, Defendant terminated her employment because of her disability(ies).

21. Additionally, similarly situated employees who were not disabled have not reported their use of prescription medications to Defendant and have not been terminated.

22. As a result of the foregoing, Elsner suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

23. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings

Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

<u>/s/ Paul J. Cummings</u>
Paul J. Cummings, 22713-41


HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax